UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
WILLIAM ROZIER, on behalf of himself and    :
all others similarly situated,    :
   :
                Plaintiff,    :
   :     **MEMORANDUM AND ORDER**
       -against-    :     10-CV-3273 (DLI) (JO)
   :
   :
FINANCIAL RECOVERY SYSTEMS, INC.    :
   :
             Defendant.    :
-----------------------------------------------------------------x
**DORA L. IRIZARRY, United States District Judge:**

Plaintiff William Rozier filed the instant action on behalf of himself and all others similarly situated against Defendant, Financial Recovery Services, Inc.,[1] pursuant to the Fair Debt Collection Practices Act ("F.D.C.P.A."), 15 U.S.C. § 1692 and N.Y. GEN. BUS. LAW ("G.B.L.") § 349, alleging that Defendant engaged in unlawful and predatory consumer debt collection practices by sending a misleading debt collection letter to Plaintiff and others similarly situated. Defendant filed the instant motion seeking dismissal, pursuant to Fed. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted. Plaintiff opposed the motion. For the reasons set forth below, Defendant's motion is denied.

---

[1] Defendant notes in its Notice of Motion to Dismiss that "Plaintiff's naming of 'Financial Recovery Systems, Inc.' as a Defendant [in this action] appears to be . . . [in] error. (*See* Docket Entry No. 2 at 1 n.1.) As the parties seem to agree that Plaintiff intended to name Financial Recovery Services, Inc. as the defendant in this action and Defendant has clearly had timely notice of the action, Defendant will not be prejudiced in defending this action on the merits. *See* Fed. R. Civ. P. 15(c). Thus, the court substitutes the proper name of Defendant Financial Recovery Services, Inc., previously named as Financial Recovery Systems, Inc. The Clerk of the Court is hereby directed to amend the caption accordingly.

## BACKGROUND

Plaintiff received a collection letter, on or about March 4, 2010, from Defendant demanding payment of a debt allegedly owed to Applied Bank. (Compl. ¶ 7.) The letter stated:

> AS OF THE DATE OF THIS LETTER, YOU OWE $2387.23. INTEREST, LATE CHARGES, AND OTHER CHARGES MAY OR MAY NOT BE APPLICABLE TO THIS ACCOUNT. IF SOME OR ALL OF THESE ARE APPLICABLE, THEY MAY VARY FROM DAY TO DAY AND THUS THE AMOUNT DUE ON THE DAY YOU PAY MAY BE GREATER. HENCE, IF YOU PAY THE AMOUNT SHOWN ABOVE, AN ADJUSTMENT MAY BE NECESSARY AFTER WE RECEIVE YOUR CHECK, IN WHICH EVENT WE WILL INFORM YOU BEFORE DEPOSITING THE CHECK FOR COLLECTION. FOR FURTHER INFORMATION, WRITE THE UNDERSIGNED OR CALL 1-866-211-0386.

(Compl. ¶ 9, Ex. A; Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss ("Opp."), Ex. A.) Plaintiff brings this action on behalf of himself and all others similarly situated.[2] Plaintiff alleges that Defendant violated: (i) F.D.C.P.A. § 809(a), 15 U.S.C. § 1692g(a), by failing to provide the consumer with a "validation notice" that states the actual amount of the debt, (Compl. ¶ 22-25); (ii) F.D.C.P.A. § 807(2), 15 U.S.C. § 1692e(2), by misrepresenting the amount of the debt owed, (Compl. ¶ 26-30); and (iii) G.B.L. § 349 by willfully and knowingly engaging in deceptive acts and practices, which caused damages to Plaintiff in the form of humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment, (Compl. ¶ 31-34). Defendant now moves to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

---

[2] Plaintiff believes that there are thousands of class members, but asserts that the exact number of class members can only be ascertained through discovery. (Compl. ¶ 15.) Furthermore, Plaintiff asserts that all class members have received substantially the same collection letter, and sustained the same injury and damages. (Compl. ¶ 16.)

## DISCUSSION

I.     **Legal Standards**

    *A.  Motion to Dismiss*

Rule 12(b)(6) of the Federal Rules of Civil Procedure states that a defendant may move, in lieu of an answer, for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To determine whether dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate, "a court must accept as true all [factual] allegations contained in a complaint" but need not accept "legal conclusions." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). For this reason, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to insulate a claim against dismissal. *Id.* Moreover, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not shown that the pleader is entitled to relief." *Id.* at 1950 (internal citations and quotation marks omitted).

    *B.  F.D.C.P.A.*

Section 1692g(a) requires that a debt collector provide the consumer with notice of the debt by "send[ing] the consumer a written notice containing[, among other things,] the amount of debt." 15 U.S.C. § 1692g(a). Section 1692e prohibits the debt collector from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt . . . [including] [t]he false representation of . . . the character, amount or legal status of any debt." 15 U.S.C. § 1692e(2)(A). A communication is deceptive and, thus, in violation of 15 U.S.C. § 1692e, "when it can be reasonably read to have two or more different meanings, one of

which is inaccurate." *Beauchamp v. Fin. Recovery Services, Inc.*, 2011 WL 891320, at *2 (S.D.N.Y. Mar. 14, 2011). "Ultimately, the critical question [in determining whether a communication violates the F.D.C.P.A.] is . . . whether the notice fails to convey the required information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to the meaning of the message." *Weiss v. Zwicker*, 664 F. Supp. 2d 214, 216 (E.D.N.Y. 2009) (citations and internal quotation marks omitted).

"In this Circuit, the question of whether a communication complies with the F.D.C.P.A. is determined from the perspective of the least sophisticated consumer." *Jacobsen v. Healthcare Fin. Services, Inc.,* 516 F.3d 85, 90 (2d Cir. 2008) (internal quotations omitted). The "least sophisticated consumer" standard is "'an objective standard, measured by how the 'least sophisticated consumer' would interpret the notice received from the debt collector.'" *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001) (quoting *Russell v. Equifax A.R.S.,* 74 F.3d 30, 34 (2d Cir. 1996)). Thus, "it is not necessary for a plaintiff to show that she herself was confused by the communication she received; it is sufficient for a plaintiff to demonstrate that the least sophisticated consumer would be confused." *Jacobsen*, 516 F.3d at 91. The purpose of applying the "least sophisticated consumer" standard to review claims of F.D.C.P.A. violations is to: "(1) ensure the protection of all consumers, even the naive and the trusting, against deceptive debt collection practices, and (2) protect debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices." *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002) (citations omitted).

"Although courts are divided on whether breach of the least sophisticated consumer standard is a question of law or fact, the trend in the Second Circuit is to treat this question as a matter of law that can be resolved on a motion to dismiss." *Beauchamp*, 2011 WL 891320 at *2

n. 18; *see also Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 366 (2d Cir. 2005) (upholding the district court's determination that, as a matter of law, the letter did not violate the F.D.C.P.A.). Because the parties do not appear to dispute that this is a question of law to be decided by the court, this court will treat the issue as a matter of law. (*See* Memorandum of Law in Support of Defendant's Motion to Dismiss ("Mot.") at 7; Opp. at 11.)

### C. New York General Business Law § 349

To state a claim under G.B.L. § 349, Plaintiff must allege that, "(1) the act or practice was consumer-oriented; (2) the act or practice was misleading in a material respect; and (3) the plaintiff was injured as a result." *Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009) (citing *Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000)). The standard to determine whether an act is materially misleading is objective, requiring a plaintiff to show the act was "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Id*. Although Plaintiffs must allege that the materially misleading act "caused an actual injury, they need not allege any pecuniary harm." *Wood v. Capital One Services, LLC*, 718 F. Supp. 2d 286, 291 (N.D.N.Y. 2010) (citing *Stutman v. Chem. Bank*, 95 N.Y.2d 24, 29 (2000)). The determination of whether G.B.L § 349 was violated "may be determined as a matter of law or fact." *JPMorgan Chase Bank, N.A. v. Controladora Comercial Mexicana S.A.B. DE C.V.*, 2010 WL 4868142, at *11 (Mar. 16, 2010) (citing *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A,* 85 N.Y.2d 20, 26 (1995)).

## II. Analysis

### A. F.D.C.P.A.

The collection letter sent to Plaintiff by Defendant lists a balance due of $2398.23, but then states that "interest, late charges, and other charges may or may not be applicable to this

account."  (Compl. ¶ 9, Ex. A; Opp., Ex. A.)  Plaintiff alleges that this statement violates the

F.D.C.P.A. because it fails to inform Plaintiff: (i) whether the balance due listed is the actual

amount of debt due; (ii) whether the balance due listed will increase; (iii) what other charges

might apply; and (iv) if other charges are applied, what the amount of those extra charges will

be.  (*See* Compl. ¶ 10, 11, 12, 24, 28, 29; Opp. at 2, 6-8.)

In the instant case, instead of providing the consumer with the actual amount due as

required by the F.D.C.P.A., the language at issue in the collection letter makes it unclear to any

consumer, sophisticated or not, the amount of debt due including what, if any, additional charges

will apply to the amount due stated in the collection letter.  *See Beauchamp*, 2011 WL 891320

at *3 (letter may, in violation of 15 U.S.C. § 1692g, make the least sophisticated consumer

uncertain as to her rights and confused about the total amount she owes where the "[l]etter

provides that the outstanding balance may increase"); *Kolganov v. Phillips & Cohen Associates,*

*Ltd.*, 2004 WL 958028, at *2 (E.D.N.Y. Apr. 8, 2004) (a collection letter violates the F.D.C.P.A.

if the required information is conveyed "in a confusing or contradictory fashion so as to cloud

the required message with uncertainty") (citations omitted).  "The least sophisticated consumer

could reasonably interpret [the] collection letter [here] to have two different meanings regarding

the size of the debt," one of which is inaccurate: (1) $2,387.23 or (2) $2,387.23 plus interest, late

charges and other unspecified charges.  *See Kolganov*, 2004 WL 958028 at *3; *Grief v. Wilson,*

*Elser, Moskowitz, Edelman & Dicker, LLP*, 217 F. Supp. 2d 336, 341 (E.D.N.Y. 2002) (notice

stating that the amount of debt was "$1,962.87 plus attorneys' fees up to $294.43" presented the

least sophisticated consumer "with a variety of amounts of the debt, rather than simply the

amount of the debt, which is required by 15 U.S.C. § 1692(g)(a)(1)").  Thus, the unclear

description in the collection letter of the amount owed "could present the least sophisticated

consumer with, at best, an unclear and, at worst, contradictory message regarding the amount of money [Plaintiff] owes." *Grief*, 217 F. Supp.2d at 341.

Defendant principally relies on the Seventh Circuit's decision in *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols*, 214 F.3d 872 (7th Cir. 2000), to support its argument that the language used in the letter in the instant case complies with F.D.C.P.A. requirements. (*See* Mot. at 9-10.) The court in *Miller* held that inclusion of the following "safe harbor" language in a collection letter provides debt collectors with a way of complying with the provisions of the F.D.C.P.A. in situations where the amount of debt varies from day to day:

> As of the date of this letter, you owe $ __ [the exact amount due]. Because of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1-800 [phone number].

*Id*. Even if this court was bound by the decision in *Miller*, the allegedly misleading language in the instant action, that "[i]nterest, late charges and other charges **may or may not be applicable to this account**," (Compl. ¶ 9, Ex. A; Opp., Ex. A) (allegedly misleading language in bold), is not part of the "safe harbor" language approved by the court in *Miller*. Moreover, the court in *Miller* explicitly stated that a debt collector who uses the safe harbor language will still violate the "amount of debt" provision if he uses inaccurate information or "obscure[s] it by adding confusing other information." 214 F.3d at 876. Here, while the letter in the instant case used the safe harbor language laid out in *Miller*, the additional "may or may not be applicable" language also used in the letter could create even further confusion for the least sophisticated consumer because, not only could the amount of interest and other additional charges vary from day to day, but it is unclear whether such charges will even be applicable to this consumer.

Defendant also directed the court's attention to *Brill v. Fin. Recovery Services, Inc.*, 2010 WL 5825480 (D. Neb. Nov. 10, 2010), a recent decision addressing the defendant's motion to dismiss a complaint that alleges violations of the F.D.C.P.A. based on a collection letter sent from the defendant to the plaintiff. (*See* Docket Entry No. 9, "Notice of Supplemental Authority".) The court in *Brill* granted the defendant's motion to dismiss based on the use of the "safe harbor" language from *Miller* in the collection letter at issue. *See id.* at *5-*6. Although the language used in the collection letter at issue in *Brill* is the same as that alleged to be misleading in the instant case, this court respectfully disagrees with the court's decision in *Brill* because, while it is true that the debtor could "write the undersigned or call" the designated telephone number for "further information," the statute requires that the amount of the debt be represented in a way that is not deceptive or misleading. *See id.* at *5. The language used in the collection letter at issue here does not clearly state the total amount due, inform the consumer of the amount of any additional charges on the account or inform the consumer whether charges in addition to those included in the total amount due stated in the letter will even apply to the consumer's account. Furthermore, even if the total balance due is stated in several different places, the amount *actually* due when the consumer receives the collection letter could, according to the very language in the letter, be completely different than the amount listed.

In sum, the court finds that the complaint states a claim for relief that is plausible on its face for violations of F.D.C.P.A. §§ 1692e(2) and 1692g(a). *See Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). In addition, this court concurs with the court in *Kolganov*, that "a better solution [to that described in *Miller*] may be to require debt collectors to state the amount of debt, including interest and all other charges, due on a date certain in the future after the debtor's receipt of the letter." 2004 WL 958028, at *3 (E.D.N.Y. Apr. 08, 2004). This

requirement would ensure that "[a] debtor that chooses to timely pay the debt is advised of the amount of payment that will completely satisfy his obligation. On the other hand, a debtor that neglects his or her account is notified of the ever-increasing amount that accrues by the failure to promptly satisfy the debt." *Id.*

B.  *Violations of New York General Business Law § 349*

Plaintiff has also sufficiently pleaded each element required to state a claim under G.B.L. § 349.  First, Plaintiff sufficiently alleges that "the act or practice was consumer-oriented." *See Spagnola*, 574 F.3d at 74.  Plaintiff alleges that the collection letter at issue was a form letter, which was likely mailed to thousands of customers.  (Compl. ¶ 15.)  Taking Plaintiff's allegations to be true, if the letter was mailed to thousands of customers, it is "likely to have a broader impact on consumers at large and, thus, meets the "consumer-oriented" requirement of G.B.L. § 349.  *Cf. Lane v. Fein, Such and Crane LLP*, 2011 WL 722372, at *8 (E.D.N.Y. Mar. 3, 2011) (acts are not consumer-oriented where "they affected the plaintiffs alone and are not likely to have a 'broader impact on consumers at large'") (quoting *Oswego Laborers' Local 214 Pension Fund*, 85 N.Y.2d at 24).

Second, Plaintiff sufficiently alleges that "the act or practice was misleading in a material respect." *See Spagnola*, 574 F.3d at 74.  Although the "reasonable consumer" standard applies to a claim brought pursuant to G.B.L. § 349, as opposed to the "least sophisticated consumer" standard which applies to a claim pursuant to the FDCPA, the language used in the collection letter at issue here was misleading under either standard.  As discussed above, the language used in the collection letter at issue here was likely to mislead a reasonable consumer acting reasonably under the circumstances because the language used would cause a reasonable

consumer to be unclear about both the amount of debt owed and whether the consumer would incur unspecified, additional charges on the debt.  (*See supra* Section II.A.)

Finally, Plaintiff sufficiently alleges that he "was injured as a result."  *See Spagnola*, 574 F.3d at 74.  Plaintiff alleges that he has "suffered and continue[s] to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendant[]."  (Compl. ¶ 34.)  These alleged damages, the sufficiency of which is undisputed by Defendant in its motion to dismiss, are sufficient to state a cause of action.  *See Wood*, 718 F. Supp. 2d at 292.

Thus, Plaintiff has presented a sufficient factual basis to "state a claim to relief that is plausible on its face" for violation of G.B.L. § 349.  *See Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570).

## CONCLUSION

Drawing all reasonable inferences in Plaintiff's favor, Plaintiff has pleaded a sufficient factual basis to state a claim to relief that is plausible on its face pursuant to F.D.C.P.A. §§ 1692e(2) and 1692g(a), and G.B.L. § 349.  Accordingly, Defendant's motion to dismiss is denied.

SO ORDERED.

Dated: Brooklyn, New York
       June 7, 2011

                                            /s/
                            _____
                                    DORA L. IRIZARRY
                                United States District Judge