UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
WILLIAM ROZIER, on behalf of himself and :
all others similarly situated, :
:
Plaintiff, :
: **SUMMARY ORDER**
-against- : 10-CV-3273 (DLI) (JO)
:
:
FINANCIAL RECOVERY SYSTEMS, INC., :
:
Defendant. :
----------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On June 7, 2011, the court issued a Memorandum and Order (the "Opinion"), denying Defendant's motion to dismiss the complaint. On June 21, 2011, Defendant filed a motion for reconsideration of the Opinion and, on June 23, 2011, Plaintiff filed his opposition.[1] For the reasons set forth below, Defendant's motion is denied.

Defendant brings the instant motion for reconsideration pursuant to Local Rule 6.3. "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transport, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Hinds County, Miss. v. Wachovia Bank N.A.*, 708 F. Supp. 2d 348, 369 (S.D.N.Y. 2010) (citation and internal quotation marks omitted). Reconsideration is not a proper tool to repackage and

---

[1] The court notes that, as of the date of this Summary Order, Defendant had not filed a reply to Plaintiff's opposition. Thus, any reply would be time-barred pursuant to Rules 6.1 and 6.3 of the Local Civil Rules for the Eastern District of New York ("Local Rule" or "Local Rules").

1

relitigate arguments and issues already considered by the court in deciding the original motion. *Id.*; *United States v. Gross*, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002). Nor is it proper to raise new arguments and issues. *Gross*, 2002 WL 32096592 at *4.

Here, Defendant fails to meet the standard for reconsideration because it does not present any controlling legal authority or factual matter overlooked by the court, or any need to correct a clear error or prevent manifest injustice. Instead, Defendant argues that the court should reconsider its decision essentially because Defendant disagrees with the court's analysis in the Opinion. Specifically, Defendant argues that its motion for reconsideration should be granted because it did not have an opportunity to respond to Plaintiff's June 7, 2011 Supplemental Submission, (*see* Docket Entry No. 11), and, in its Opinion, the court: (i) "appears to have placed considerable reliance upon . . . *Beauchamp* [*v. Fin. Recovery Servs., Inc.*,] 2011 WL 891320" (S.D.N.Y. Mar. 14, 2011), (ii) "overlooked a key factual finding that distinguishes *Beauchamp* from the current case and from *Brill*," and (iii) "marks a distinction without difference" when distinguishing the instant action from the safe harbor language established in *Miller v. McCalla, Raynor, Padrick, Cobb, Nichols & Clark*, 214 F.3d 872 (7th Cir. 2000).

There was no injustice in the court's failure to allow Defendant to respond to Plaintiff's submission of supplemental authority, because the submission was clearly not relied upon by the court in its Opinion, as the supplemental authority was submitted less than an hour before the court issued its ten-page Opinion and the supplemental authority was a case decided several months prior to the Opinion. (*See* Docket Entries Nos. 11, 12.)

Furthermore, merely disagreeing with the court's analysis does not warrant reconsideration, especially where, as here, Defendant relies entirely on case law that is not binding on this court. Contrary to Defendant's assertions in its motion for reconsideration, the

court did in fact carefully read and analyze the facts of *Beauchamp* prior to issuing the Opinion. The Opinion never stated that the facts of *Beauchamp* were the same as those in the instant case and the Court did not rely on *Beauchamp* to distinguish *Brill v. Fin. Recovery Servs., Inc.*, 2010 WL 5825480 (D. Neb. Nov. 10, 2010), from the instant action. Instead, the court referenced *Beauchamp* only three times in the Opinion in support of various propositions, two of which were in the context of setting forth the legal standard. Removal of all citations to *Beauchamp* cannot reasonably be expected to, and indeed would not, "alter the conclusion reached by the court." *See Shrader*, 70 F.3d at 257.

Moreover, in arguing that the court improperly analyzed *Brill* and *Miller*, Defendant merely relies on arguments already raised in its papers in support of its motion to dismiss and considered by the court in its Opinion. (*See* Docket Entry Nos. 2, 8, 9.) Also, Defendant's reference to a case that was issued in the Northern District of California nine days after the Opinion was issued here, does not constitute a controlling decision overlooked by the court that "might reasonably be expected to alter the conclusion reached by the court." *See Shrader*, 70 F.3d at 257.

In sum, Defendant has failed to demonstrate the existence of exceptional circumstances warranting reconsideration, or controlling decisions or data that would alter the conclusions reached in the Opinion. Accordingly, Defendant's request for reconsideration is denied.

SO ORDERED.

Dated: Brooklyn, New York
      July 7, 2011

                                    /s/
                              DORA L. IRIZARRY
                        United States District Judge